83,116-01

## IN THE COURT OF CRIMINAL APPEALS

## OF TEXAS IN AUSTIN, TEXAS

**Clerk's Office:**

Dear clerk. Can you please bring to the court's attention the enclosed notice for leave to file a Writ of Mandamus with Brief in support. I thank you for your cooperation on this matter and hope that I have not been of any inconvenience today.

This document contains some pages that are of poor quality at the time of imaging.

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 08 2015

Abel Acosta, Clerk

Respectfully Submitted,

MARTIN LUTHER ALLEN

899 FM 632 CONNALLY UNIT

KENEDY, TEXAS 78119

Relator #689468

Date Filed: 4/6/2015

(COVER LETTER)

# IN THE COURT OF CRIMINAL APPEALS

## OF TEXAS IN AUSTIN, TEXAS

| | | |
|---|---|---|
| MARTIN LUTHER ALLEN | § | |
|     **Relator** | § | |
| | § | |
| v. | § | No. F8580217 |
| | | |
| HON. KEVIN POE, | | |
| CFCU OPEN RECORDS COORDINATOR | § | |
|     **Respondent** | § | |

## RELATOR'S NOTICE
### FOR LEAVE TO FILE A WRIT OF MANDAMUS

### CERTIFICATE OF INTERESTED PERSONS

The relator certifies that the following listed persons have an interest in the outcome of this cause. these representations are made in order that the Judge of this Court may evaluate possible disqualifications or recusal.

1. Martin Luther Allen, Relator
   May be served at the John B.Connally Unit, 899 FM 632 Kenedy, Texas 78119.

2. Hon. Kevin Poe, Respondent
   Is the CFCU Open Records Coordinator: Parole Division, 8610 Shoal Creek, Austin, Texas 78757.

3. Hon. Brad Livingston, real party interest is Executive, Director of the Parole Divisions open records section: 8610 Shoal Creek, Austin, Texas 78757.

                                             MARTIN LUTHER ALLEN

I.

## TABLE OF CONTENTS

Page(s)

Certificate of Interested Persons............................... I.

Tables of Contents............................................. II.

Index of Authorities........................................... III.

Address to the Court(**Relator's Brief**)....................... 1.

Preliminary Statement.......................................... 2.

Sole Point of Error............................................ 3.

Law and Argument..............................................4-5.

Prayer......................................................... 6.

Relief Requested............................................... 7.

Certificate of Service......................................... 7.

Unsworn Declaration............................................8.

# INDEX OF AUTHORITIES

## STATE CASES                                    Page(s)

Buntion v. Harmon,
827 S.W. 2d 945, 947(Tex.Crim.App.1992)........................ 4.

State ex rel. Healey v. McMeans,
884 S.W. 2d 772, 774(Tex.Crim.App.1994)........................ 4.

State ex rel. Holmes v. Third Court of Appeals,
885 S.W. 2d 389, 392, n. 6(Tex.Crim.App.1994)................. 4.

Stearnes v. Clinton,
780 S.W. 2d 216, 225(Tex.Crim.App.1989)........................ 4.

## STATE CONSTITUTION, STATE STATUTES AND CODES

Texas Government Code Section 552.028 (a)(1).................1,3.
Texas Government Code Section 552.028 (b)..................1,3,4.

No. F8580217

---

IN THE COURT OF CRIMINAL APPEALS OF TEXAS
IN AUSTIN, TEXAS

---

MARTIN LUTHER ALLEN

Relator

V.

HON. KEVIN POE, CFCU OPEN RECORDS COORDINATOR
PAROLE DIVISION, AUSTIN TEXAS

Respondent

---

RELATOR'S BREIF

---

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

COMES NOW, Martin Luther Allen, Relator herein, complaining of the actions of the Hon. Kevin Poe, Respondent herein, Coordinator for the Parole Divisions Open Records Section, filing notice of complaint pertaining to Relator's unanswered petitions pursuant to Texas Government Code § 552.028(a)(1)-(b).(i.e, Request for information from Incarcerated Persons).

MARTIN LUTHER ALLEN

1.

## PRELIMINARY STATEMENT

This mandamus action arises from relator's many unanswered petition(s) to the Open Records Section/Parole Division for the Texas Department of Criminal Justice System. Relator's reason for writting and submitting this complaint is to have the Open Records Section [furnish] relator with the oppurtunity to receive a copy of the parole certificate that he received at the Walls unit on 9/18/1989, which clearly stipulated the conditions surrounding his release and mandatory supervision. The color of relator's parole certificate is very significant, because the color of the certificate expresses facially that the condtions of realator's realease were to [expire] lawfully on the same date that the certificate was issued, which was also the same day that relator was released from prison. In **good faith** relator reported the following day (9/19/1989) to the parole office on second ave in southern **Dallas** to discuss the terms specified on the front and back of his parole certificate. **Sandra Hill**(Relator's Parole Officer) reveiewed the certificate with her supervisor and informed relator that as of that momment according to the language of certificate he was not on parole and had legally discharged his sentence. Months later however, a blue warrant was issued by the Parole Division in Dallas for relator's arrest, in which, relator now complains was the product of an illegal/unlawful arrest, which the document in question [facially] shows.

2.

## SOLE POINT OF ERROR

Respondent has a ministerial duty to adhere to the rule(s) in section 552.028 (b) of the Texas Government Code.

Respondent has abused it's discretion by failing to adhere to a duty which is fixed and required by law, by disclosing to either the relator or his [active] agent as described in subsection 552.028 (a)(1) information pertaining to that individual.

## LAW AND ARGUMENT

A mandamus is an extraordinary remedy that is to be invoked sparingly. First, there must be no adequate remedy at law to redress the alleged harm, and second they must show a clear right to the relief sought. [see] **Buntion v. Harmon**, 827 S.W. 2d 945, 947(Tex.Crim.App.1992).

In the event that a remedy at law exist, it will not defeat an applicant's entitlement to the Writ when the remedy is so "uncertain, tedious, burdensome, slow, inconvenient, inappropriate or ineffective" as to be deemed "inadequate". **Stearnes v. Clinton**, 780 S.W. 2d 216, 225(Tex.Crim.App.1989). Although the second prong has been formulated as requiring that the [**act**] sought to be compelled is "ministerial", the two statements are the "functional equivalent" of each other. [see] **State ex rel. Holmes v. Third Court of Appeals**, 885 S.W. 2d 389, 392, n.6(Tex.Crim.App.1994) Under either formulation, mandamus is available to "correct judicial action that ignores clear, binding precedent" because administrative entities do not enjoy the freedom to ignore the law. **State ex rel. Healey v. McMeans**, 884 S.W. 2d 772, 774(Tex.Crim.App.1994).

## ARGUMENT

The respondent has been notified numerous times as to the importance of this particular document in question, and the manner in which relator plans to establish that his arrest/detainment in 1989 as a result of the blue warrant issued from the Parole Division was unlawful as stipulated on the face

4.

of the parole certificate that was issued to relator on **9/18/1989** at the Walls unit on the day he was released from prison. On **7/15/2014**, respondent intentionally [**mis**]represented(in his **letter to relator**) that relator's active agent, attorney Dexter fuller was mailed two(2) copies of the requested parole certificate on 2 different instances from respondent's office.[see] (**Appendix marked B**).

Under the lawful penalty of perjury, relator [**swears**] that the paperwork/documents mailed from respondent's office to attorney Dexter Fuller on **5/19/2014** and **6/12/2014** did not include or have inside the specifically requested [**blue**] parole certificate that is the focal point of this instant complaint. Respondent has failed to do(**ministerially**) as he's required by law inregards to the **Government Codes Information Act** under **Section 552.028 (b)**.

As a matter of practically, the denial of Mandamus relief to relator effectively denies relator an oppurtunity for any relief whatsoever. Relator, is entitled to an adequate remedy as well as [**equal**] oppurtunity to acquire said document from the Open Records Section where respondent is employed, either directly from the parole division or through an active agent on his behalf such as attorney Dexter Fuller. Mandamus is the only adequate remedy available for the instant situation and this Court has the discretion to provide such a remedy immediately.

Wherefore, Premises Considered, Relator Prays that a Writ of Mandamus issue immediately!

Respectfully Submitted,

MARTIN LUTHER ALLEN # 689468 (689468)

899 FM 632 CONNALLY UNIT

KENEDY, TEXAS 78119

Relatror

6.

## RELIEF REQUESTED

Relator's requested relief is that this Honorable Court [compell] the Respondent, Mr. Kevin Poe to furnish a copy of [blue] parole certificate that was/is asscoiated with relator's release form prison on 9/18/1989 from the Walls unit. Relator respectfully asks this particular document be made assessable either for him to obtain directly or through an active agent on his behalf somehow, due to his current incarceration.


CC/ Martin Luther Allen
CC/ CFCU Open Records Section Coordinator Kevin Poe
CC/ Brad Livingston Director of Parole Division

## CERTIFICATE OF SERVICE

This, I **"Martin Luther Allen"**, do certify that a true, correct, and non-misleading copy of the foregoing was sent to the following individuals.

Honorable Kevin Poe
CFCU Open Records Coordinator
8610 Shoal Creek
Austin, Texas 78757

Honorable Brad Livingston
Executive Director: Parole Divisions
8610 Shoal Creek
Austin, Texas 78757


Executed on April 6th , 2015.

7.

## UNSWORN DECLARATION

I, Martin Luther Allen(TDCJ-ID# 689468), swear under penalty of perjury that the facts and allegations in the application for Writ of Mandamus are true and correct.

Signed on this 6 Day of 4/2015.

_Martin L. Allen_
MARTIN LUTHER ALLEN

8.

## INDEX OF APPENDIX

**Appendix A:** A Copy Of Relator's Written Corespondence To The Respondent Seeking Redress For This Matter.

**Appendix B:** A Copy Of Respondent's Letter To The Relator [Mis] stating The Truth About Actually Mailing A Copy Of The Requested Parole Certificate To Relator's Active Agent Attorney Dexter Fuller.

**APPENDIX A.**

Martin L. Allen #689468
Connally Unit
899 F.M. 632
Kenedy, Tx 78119

Mr. Kevin Poe
CFCU Open Records Coordinator
Office of the General Counsel
P.O. Box 4004
Huntsville, Tx 77342          June 27, 2014

      RE: Open Records Request #34862
      Offenders Name: Allen, Martin  TDCJ/SID #689468/03348980

Dear Mr. Poe:

      I'm writing in regards to the response I received from you and your department concerning the enclosed Petition served upon your office for the above mentioned files. I am very much aware of Public Information Act Section 552.028 (a)(1) of the Texas Government Code - which states "A governmental body is not required to accept or comply with a request for information from an individual who is imprisoned or confined in a correctional facility". To which you are correct.

      However, I would like to call your attention to Section 552.028 (b) of the same Texas Government Code - Request for Information from Incarcerated Persons. Which clearly states this section <u>does not</u> Prohibit a Governmental body (your department) from disclosing to an individual or his agent (Attorney-in-facts - Mr. Dexter Fuller) as described in Subsection 552.028 (a)(1) information pertaining to that individual - namely me, Martin Luther Allen #689468/03348980, the petitioner.

      You Sir, and your department are in fact obstructing justice by hindering my due right process in way of Access to the courts - with holding of said files. I would advise you to review Chapter 552

-1-

again in it's entirety and guide yourself accordingly.

Please be notified of my second petition to which your office should be or has already received concerning additional information pertaining to the Petitioner, Martin Luther Allen #689468/03348980 submitted by my sister Dr Cheryl D. Allen Ph.Ed, I hope that any misunderstanding has been satisfied, and I trust that my request for said Information be provided and made available to me at and through the above named agents at the earliest convenience

I thank you for your time and kind consideration in this matter.

Respectfully

Martin L. Allen #689468
899 F.M. 632
Kenedy, Tx 78119

CC: D. Fuller
C. Allen
on Site

APPENDIX B.



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

——————————————————————— Brad Livingston
Executive Director

July 15, 2014

Martin Allen
SID#03348980 TDCJ#689468
899 BM 632(Connally)
Kenedy, TX 78119

Re: Open Records Request #: **36048**

Offender Name Allen, Martin    TDCJ /SID #689468 / 03348980

To Whom It May Concern

The parole certificate that Attorney Dexter Fuller requested for Open Records Request #34862, was mailed to him on 5/19/2014. Another request #35389 for a parole certificate from Attorney Dexter Fuller was mailed to him on 6/12/2014.

Sincerely,

Connie Malone
Program Supervisor I
Open Records
8712 Shoal Creek Blvd.
Austin, TX 78757
(512) 465-5954
Fax (512) 406-5930

KP

    CLOSED ON    7/15/2014

*The mission of the Parole Division is to promote public safety and positive offender change through effective supervision, programs, and services.*

Stuart Jenkins, Parole Division, Director
8610 Shoal Creek, Austin, Texas 78757
Phone (512) 406-5401, Fax (512) 406-5858
www.tdcj.state.tx.us